<hr />

CASE 63—PETITION EQUITY—JAN. 15.

# Jung Brewing Co. v. City of Frankfort.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. CONSTITUTIONAL LAW—PLEADING—PRESUMPTION.—A city ordinance which in fixing license fees discriminates between dealers whose products are manufactured outside of the city and those whose products are manufactured inside the city, is void and unconstitutional. But in an action to recover a license fee alleged to have been wrongfully paid under such ordinance, it must be alleged that there was in fact such discrimination, and in the absence of such allegation the presumption is that all persons are required to pay the license fee without regard to where their products are manufactured.

2. SALES IN CITY—WHAT CONSTITUTES.—A brewing company of another State which keeps beer in storage in a city in this State, and through its agent delivers the same to its customers in the city, from time to time, as they desire it, perfects and completes the sale in the city, and becomes liable for the payment of a license fee.

NEWTON G. ROGERS AND W. McKEE DUNCAN FOR APPELLANT.
  (No brief in the record.)

HUGH RODMAN FOR APPELLEE.

1. Money paid voluntarily, although under a mistaken belief, can not be recovered back unless a fraud was perpetrated by the payee.

(*Bilbie* v. *Lumlie*, 2 East, 469; Tyler v. Smith, 18 B. M., 793;
Elliott v. Swartout, 10 Peters, 153; Bank v. Daniel, 12 Peters;
Kerr on Fraud and Mistake, pp. 401-2.)

2. The city had the power to pass the ordinance under its general
police powers. (*Gas Co.* v. *Light Co.*, 113 U. S., 668; *Mugler* v.
*Kansas*, 123 U. S., 658.)

3. There is no discrimination against non-residents of the city or
their products, because all dealers pay the same license tax, and
the ordinance is therefore not unconstitutional. (Fecheimer
Bros. & Co. v. Louisville, 84 Ky., 311.)

J. A. VIOLETT on same side.

1. The allegations of the petition do not show that there is any dis-
crimination. It is not alleged that resident dealers were not re-
quired to pay the same license fee, or that there was not another
ordinance requiring them to do so.

2. The sales were in contemplation of law in the city of Frankfort.
The appellants had an agent there in charge of their goods, and
of their storage house, and he delivered the goods according to
their orders, and the sales were not completed until the delivery.

3. But even if the sales were made elsewhere, the delivery was in
Frankfort, and under the ordinance the license fee was charge-
able for the delivery in the city. And the city has the power to
impose a license fee for delivering intoxicating liquors after they
have been sold.

4. A voluntary payment made with a full knowledge of all the facts
and circumstances of the case, though made under a mistaken
view of the law, can not be revoked, and the money so paid re-
covered back. (Clark v. Dutcher, 9 Com., 674; Edg. v. Koontz, 3
Pa. St., 109; Glass Co. v. Boston, 4 Met., 183.)

JUDGE GUFFY delivered the opinion of the court.

The plaintiff in this action sought a judgment
against the defendant for $250 license fee or tax which,
as alleged, had been wrongfully collected of appellant
by appellee, upon the assumption that appellant was
subject to be charged that sum for the privilege of sell-
ing beer, etc., in the city of Frankfort.

The material portion of the petition alleges that the
following ordinance was enacted by the city council

of Frankfort: "Each and eyery person, firm or corporation who will engage in the business of selling or delivering any beer, ale, or porter, or any kind of malt or fermented liquor, which has been brewed out of the city, to a licensed dealer in the city, shall be treated as wholesaling beer, ale or porter, and shall pay to the treasurer of the board of sinking fund commission a license therefor of two hundred and fifty dollars per annum."

It is also alleged in the petition that "appellant is a corporation organized under the laws of Ohio and has no place of business except in Cincinnati, Ohio, and no other place of sale for such products aforesaid; that heretofore various persons engaged in business in the city of Frankfort desiring to purchase beer of it (the plaintiff), the product of the said plant in Cincinnati, and it desiring to supply such demand, employed a representative in the city of Frankfort to deliver its said product to such persons, and did proceed to employ such person or representative, who did deliver said product in said city, and was engaged in so doing prior to May 1, 1894; that it made no sales of said products in Frankfort before nor since 1st of May, 1894, except as above set forth; that its patrons, who desired its products, purchased the same from it in Cincinnati, and that it sold said products to its said patrons in Cincinnati, and that its only connection with the city of Frankfort, in any manner, was to deliver said product, as so sold by it in Cincinnati, to its patrons in Frankfort; that the necessities and demands of said

business requiring that said product or beer should be kept cold or in cold storage, it did make arrangements with a certain person in Frankfort to keep said beer in cold storage, and deliver it from time to time as those who had purchased it might desire the same; that it simply did this as a matter of compliment or accommodation to its said patrons in the premises."

The circuit court sustained a demurrer to the petition, and, appellant declining to amend, the action was dismissed, and to reverse that judgment this appeal is prosecuted.

It is claimed in the petition, and earnestly argued in the brief of appellant, that the ordinance is void, being unconstitutional because it discriminates between persons whose products are manufactured outside of Frankfort and those who manufacture beer in the city. If such discrimination was really made the ordinance would be void and unconstitutional, and appellant would be entitled to recover the money paid, if paid under the conditions alleged in the petition; but there is no averment in the petition that any person in Frankfort is allowed to manufacture such articles in the city and sell them there without paying the $250 license fee.

Indeed it rather seems that appellant carefully refrained from making any allegation as to what license was required for the sale of beer, etc., made and sold in the city, and, under the well-established rule that pleadings are construed most strongly against the pleader, it follows that the presumption is that no one

was exempt from paying the license fee, and that presumption is strengthened by the general presumption that legislative acts are not generally unconstitutional; and before a law can be so declared it must be made to clearly appear that it was enacted without constitutional authority.

The contention of appellant that all his sales were in Ohio can not be sustained. It is perfectly clear from the averments in the petition that the sales were perfected and completed in the city of Frankfort. If appellant's contention is sound, then it would be an easy matter for manufacturers outside of the city to sell to the people in the city all the beer, etc., they needed, and thus deprive the city of any license fees for the sale of beer and all other liquors.

The case of Commonwealth v. Russell, 11 Ky. Law Rep., 576, does not sustain appellant's contention. It is not at all in point. The other questions argued by counsel on each side need not be discussed.

Judgment affirmed.